MARY C. McPHILOMY, Respondent, v. OWEN P. WILLIAMS, Appellant.— Appeal from a judgment of the Supreme Court, Sullivan county, entered upon a verdict of a jury in favor of the plaintiff for the sum of $1,000 in an action for malicious prosecution. Also appeal from an order of said court denying defendant's motion for a new trial made upon the coming in of the verdict. The defendant on August 2, 1934, appeared before a justice of the peace of the town of Tusten, Sullivan county, N. Y., and procured the issuance of a warrant and the arrest of plaintiff upon a charge of malicious mischief in violation of section 1433 of the Penal Law in that she did saw off nine fence posts and filled forty post holes. She was tried upon this charge before the justice of the peace and a jury and acquitted, whereupon this present action was brought. Defendant herein was president of the William Construction Company, having a contract with the State for the construction of about nine miles of State road. The plaintiff, with her brother, was engaged in business under the name of Merrimac Company, building guard rails and fences on State highways and had a contract with defendant's company for the erection of fences and guard rails along said road. A dispute arose between defendant and plaintiff's company and the evidence indicates that defendant was attempting to force plaintiff's company to quit the job, but the contract of plaintiff's company was not terminated. Certain post holes which had been dug were not properly spaced and located and in accordance with the directions of the engineer in charge these holes were being refilled and the posts reset by plaintiff's employees. Also, her men were sawing off the tops of posts in order to make them uniform and of proper height. It was the filling of these holes and the sawing off of the tops of these poles for which plaintiff was arrested. The jury could have found that she did not maliciously destroy any of the posts or improperly fill any of the holes. Furthermore, that she had a right to do whatever was done as she was still working under her contract. Defendant claims that want of probable cause for the arrest has not been established and that no malice has been shown. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.